UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                            CRIMINAL ACTION

VERSUS                                                      No. 24-137

CHARLES RAY KEYS                                        SECTION I

ORDER AND REASONS

Before the Court is defendant Charles Ray Keys's ("Keys") motion[1] to dismiss the Armed Career Criminal Act ("ACCA") sentencing enhancement in the superseding indictment. The government opposes the motion.[2] For the reasons that follow, the Court denies Keys's motion.

I.      BACKGROUND

Keys was charged by superseding indictment on April 25, 2025.[3] Count one charged Keys with possession with intent to distribute cocaine and fentanyl pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[4] Count two charged Keys with possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A)(i).[5] Count three charged Keys with possession of a firearm and ammunition as a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[6] The superseding indictment also contained a sentencing allegation pursuant to ACCA charging that Keys had previously been convicted of three serious drug offenses

---

[1] R. Doc. No. 96.
[2] R. Doc. No. 97.
[3] R. Doc. No. 82.
[4] Id. at 1–2.
[5] Id. at 2.
[6] Id. at 2–3.

committed on occasions different from one another in violation of 18 U.S.C. § 924(e)(1).[7] According to the superseding indictment, these convictions were violations of Louisiana law and included a conviction for attempted possession with intent to distribute cocaine on November 3, 2011 as well as two convictions for possession with intent to distribute cocaine on April 13, 1999 and July 15, 1997.[8]

The Court bifurcated Keys's trial into two phases. Phase one, the guilt phase, concerned the defendant's guilt as to counts one through three of the superseding indictment. Phase two, the sentencing phase, concerned the ACCA sentencing allegation.

Phase one of Keys's trial commenced on May 13, 2025.[9] The Court charged the jury for phase one on May 14, 2025.[10] The jury returned its verdict on May 15, 2025, finding Keys guilty as to counts one and three and not guilty as to count two.[11] After the jury returned its verdict with respect to phase one, Keys made an oral motion to dismiss the ACCA sentencing allegation in the superseding indictment pursuant to Federal Rule of Criminal Procedure 12.[12] The Court deferred ruling on the motion.[13]

Because the jury found Keys guilty as to count three for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), the

---

[7] *Id.* at 3.
[8] *Id.*
[9] R. Doc. No. 84.
[10] R. Doc. No. 86, at 1.
[11] R. Doc. No. 90.
[12] *See* R. Doc. No. 88, at 1.
[13] *Id.*

Court conducted phase two of the trial.[14] After the parties concluded presenting their cases, the Court ordered briefing on Keys's Rule 12 motion, including briefing on whether the motion was timely.[15]

On May 15, 2025, the jury returned its verdict as to phase two.[16] The jury found that Keys had three prior convictions for serious drug offenses and that the offenses leading to those three prior convictions took place on occasions different from one another, thereby finding that the ACCA sentencing enhancement applies to Keys.[17]

In his motion to dismiss, Keys argues that his prior state drug offenses do not qualify as predicate offenses for ACCA because, at the time of those convictions, Louisiana's definition of cocaine was broader than the present definition of cocaine that is criminalized pursuant to the Controlled Substances Act ("CSA").[18] Keys argues that his motion was timely and that, alternatively, good cause exists pursuant to Rule 12(c)(3) for the Court to consider the motion despite its untimeliness.[19]

The government contends that, in raising the motion to dismiss after concluding phase one of the trial, Keys's motion was untimely pursuant to Rule 12(b)(3).[20] On the merits, the government argues that Keys's prior state drug offenses qualify as predicate ACCA offenses, regardless of any subsequent changes to the

---

[14] *Id.*
[15] *Id.*
[16] R. Doc. No. 91.
[17] *Id.*
[18] R. Doc. No. 96-1, at 3.
[19] *Id.* at 2.
[20] R. Doc. No. 97, at 2.

definition of cocaine in the federal regulatory drug schedules.[21] The government maintains that this is so because the relevant inquiry is whether the state-law conviction involved a drug on the federal schedules at the time of the offense.[22]

## II.    LAW AND ANALYSIS

### a.    **Timeliness**

Federal Rule of Criminal Procedure 12 governs the timing of pretrial motions. "A motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). But other motions "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). This includes motions alleging "a defect in the indictment," such as the "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). If a party advances such an argument after the deadline for pretrial motions, then "the motion is untimely." Fed. R. Crim. P. 12(c)(3).

The court may nonetheless consider the motion "if the party shows good cause." *Id.* Good cause requires both a showing of cause and prejudice. *United States v. Williams*, 774 F. App'x 871, 876 (5th Cir. 2019). However, the Fifth Circuit has "not yet 'ruled on the standard of review of a district court's finding of lack of good cause under Rule 12(c)(3).'" *United States v. Bourrage*, No. 23-60286, 2025 WL 1453658, at *4 (5th Cir. May 21, 2025).

---

[21] *Id.* at 3–4.
[22] *Id.*

4

Keys's motion was untimely, as he failed to make his motion until the first phase of the trial had concluded. Keys nonetheless argues that good cause exists for the Court to consider his motion because, until Keys was convicted on count three, Keys did not believe his motion was ripe or in the interest of judicial economy.[23] The Court cannot conclude that Keys's belief that phase two of the trial might not occur amounts to good cause for failing to raise his motion to dismiss before trial. Since at least April 25, 2025, when Keys was charged by the superseding indictment, all parties contemplated that this trial might proceed to phase two to consider the sentencing allegation. Keys raises no basis for why he could not have reasonably raised his motion prior to trial.

### b.    Merits

Despite the Court's conclusion that Keys's motion is untimely, the Court also concludes that the motion fails on the merits. "Under the categorical approach, a state drug offense counts as an ACCA predicate only if the State's definition of the drug in question matche[s] the definition under federal law." *Brown v. United States*, 602 U.S. 101, 101 (2024) (alterations in original) (internal quotation omitted). Keys argues that Louisiana law's definition of cocaine at the time of his three prior convictions was broader than the current definition of cocaine pursuant to the CSA.[24] Keys thereby maintains that his prior state convictions for cocaine-related crimes do not qualify as ACCA predicate offenses.[25]

---

[23] R. Doc. No. 96-1, at 2.
[24] *Id.* at 3.
[25] *Id.* at 2–3.

In support, Keys cites to *United States v. Steele*, No. CR 22-195, 2024 WL 1877072 (E.D. La. Apr. 23, 2024),[26] in which the court addressed the definition of a "controlled substance offense" within the meaning of the U.S. Sentencing Guidelines. The court there details changes that were made to both the federal and Louisiana definitions of cocaine in 2015 and 2016 respectively, which removed the cocaine-derivative substance ioflupane from inclusion in the definition of cocaine. *Steele*, No. CR 22-195, 2024 WL 1877072, at *1 (E.D. La. Apr. 23, 2024). Because the definition of a Schedule II controlled substance was broader at the time of his prior conviction than at the time of the relevant sentencing, the court concluded that the defendant's prior conviction was not a "controlled substance offense" pursuant to the Guidelines. *Id.* at *3.

However, in addressing the relevant time period for ACCA predicate offenses, the U.S. Supreme Court has held that "a state crime constitutes a 'serious drug offense' if it involved a drug that was on the federal schedules when the defendant possessed or trafficked in it." *Brown*, 602 U.S. at 106. The relevant time period for ACCA, therefore, is whether the state definition of the drug matched the federal definition at the time that the offense was committed. The Fifth Circuit acknowledged this holding in *United States v. Minor* but concluded that key differences between ACCA and the Guidelines required courts to apply different relevant time periods for each: at the time of sentencing for purposes of the Guidelines and at the time of the offense for purposes of ACCA. 121 F.4th 1085, 1092–93 (5th Cir. 2024).

---

[26] *Id.* at 3.

*Steele* is therefore inapplicable in this case. Because Keys has not argued that his state drug convictions involved drugs that were not on the federal schedules at the time of those offenses, Keys's argument fails on the merits.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Keys's motion to dismiss the indictment is **DENIED**.

New Orleans, Louisiana, June 2, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**