UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 24-137** |
| **CHARLES RAY KEYS** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant Charles Ray Keys's motion[1] for acquittal pursuant to Federal Rule of Criminal Procedure 29. The government opposes the motion.[2] The Court denies Keys's motion for the reasons below.

Keys was charged by superseding indictment on April 25, 2025.[3] Count one charged Keys with possession with intent to distribute cocaine and fentanyl pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[4] Count two charged Keys with possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A)(i).[5] Count three charged Keys with possession of a firearm and ammunition as a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[6] After a two-day trial, the jury returned its verdict—finding Keys guilty as to counts one and three and not guilty as to count two.[7]

---

[1] R. Doc. No. 99.
[2] R. Doc. No. 103.
[3] R. Doc. No. 82.
[4] *Id.* at 1–2.
[5] *Id.* at 2.
[6] *Id.* at 2–3.
[7] R. Doc. No. 90.

In his motion for acquittal, Keys argues that the evidence presented at trial was insufficient to support a finding that he constructively possessed the narcotics, guns, and ammunition that were found in the home where he was residing.[8] Keys argues that he did not own the residence and that a reasonable jury could not conclude that Keys exercised dominion and control over the residence or the drugs, guns, and ammunition found therein.[9]

A motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 challenges "the sufficiency of the evidence to sustain a conviction." *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007). "When the defendant challenges the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The court determines "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence." *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995). "[I]f the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). "All reasonable inferences which tend to support the Government's case must be accepted." *United States v.*

---

[8] R. Doc. No. 99-1, at 2–3.
[9] *Id.*

*Burns*, 597 F.2d 939, 941 (5th Cir. 1979). "Any conflicts in the evidence must be resolved in the Government's favor." *Id.*

"Constructive possession is the 'ownership, dominion, or control over contraband, or dominion over the premises in which the contraband is found.'" *United States v. Ambriz*, 727 F.3d 378, 382 (5th Cir. 2013) (cleaned up) (quoting *United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003)). In cases of joint occupancy, sufficient evidence to support a finding of constructive possession exists "only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item." *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) (quoting *Hinojosa*, 349 F.3d at 204).

In Keys's case, the government presented sufficient evidence for a reasonable jury to conclude that Keys constructively possessed the firearms, ammunition, and narcotics found in the home where Keys was residing. FBI Agent Matthew Strickland testified that, on the morning that the search warrant on the residence was executed, officers found Keys in the same bedroom where guns and narcotics were found. Under the bed in that room, on the side where Keys was found, officers located a firearm protruding from underneath the bed and a brown satchel containing cocaine and fentanyl. Agent Strickland testified that, over 17 days of surveillance on the residence, Keys was often seen carrying that same brown satchel. Furthermore, a DNA swab taken from one of the seized firearms was tested, and DNA analysis expert Rachel Hensley Clawson testified that the sample was found to be inclusive for Keys as a potential contributor.

The government therefore presented sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Keys exercised dominion or control over the firearms, ammunition, and narcotics found in the residence. Accordingly,

**IT IS ORDERED** that Keys's motion for acquittal is **DENIED**.

New Orleans, Louisiana, June 6, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**