UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 24-137** |
| **CHARLES RAY KEYS** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant Charles Ray Keys's ("defendant") motion[1] for downward departure and/or variance,[2] such that he is sentenced to no more than 87 months. The government filed a response[3] in opposition. For the reasons that follow, the Court **DENIES** the motion.

---

[1] R. Doc. No. 114.

[2] The Court notes that, in 2025, the United States Sentencing Commission amended the Guidelines Manual to remove departures and policy statements relating to specific personal characteristics. *See* U.S.S.G. App. C, amendment 836. The Guidelines Manual explains that:

> The Commission envisioned and framed this 2025 amendment to be outcome neutral, intending that judges who would have relied upon facts previously identified as a basis for a departure would continue to have the authority to rely upon such facts to impose a sentence outside of the applicable guideline range as a variance under 18 U.S.C. § 3553(a). The removal of departures from the Guidelines Manual does not limit the information courts may consider in imposing a sentence nor does it reflect a view from the Commission that such facts should no longer inform a court for purposes of determining the appropriate sentence.

U.S.S.G. ch. 1, pt. A. Amendment 836 became effective on November 1, 2025. *See id*.

[3] R. Doc. No. 121.

## I. BACKGROUND

Defendant was charged by superseding indictment on April 25, 2025.[4] Count 1 charged defendant with possession with intent to distribute cocaine and fentanyl pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[5] Count 2 charged defendant with possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A)(i).[6] Count 3 charged defendant with possession of a firearm and ammunition as a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[7] The superseding indictment also contained a sentencing allegation pursuant to the Armed Career Criminal Act ("ACCA") charging that defendant had previously been convicted of three serious drug offenses committed on occasions different from one another in violation of 18 U.S.C. § 924(e)(1).[8] According to the superseding indictment, these convictions were violations of Louisiana law and included a conviction for attempted possession with intent to distribute cocaine on November 3, 2011 as well as two convictions for possession with intent to distribute cocaine on April 13, 1999 and July 15, 1997.[9]

The Court bifurcated defendant's trial into two phases. Phase one, the guilt phase, concerned the defendant's guilt as to Counts 1 through 3 of the superseding

---

[4] R. Doc. No. 82.
[5] *Id.* at 1–2.
[6] *Id.* at 2.
[7] *Id.* at 2–3.
[8] *Id.* at 3.
[9] *Id.*

2

indictment. Phase two, the sentencing phase, concerned the ACCA sentencing allegation.

Phase one of defendant's trial commenced on May 13, 2025.[10] The Court charged the jury for phase one on May 14, 2025.[11] The jury returned its verdict on May 15, 2025, finding defendant guilty as to counts one and three and not guilty as to count two.[12] After the jury returned its verdict with respect to phase one, defendant made an oral motion to dismiss the ACCA sentencing allegation in the superseding indictment pursuant to Federal Rule of Criminal Procedure 12.[13] The Court deferred ruling on the motion.[14]

Because the jury found defendant guilty as to Count 3 for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), the Court conducted phase two of the trial.[15] After the parties concluded presenting their cases, the Court ordered briefing on defendant's Rule 12 motion, including briefing on whether the motion was timely.[16]

On May 15, 2025, the jury returned its verdict as to phase two.[17] The jury found that defendant had three prior convictions for serious drug offenses and that the offenses leading to those three prior convictions took place on occasions different from

---

[10] R. Doc. No. 84.
[11] R. Doc. No. 86, at 1.
[12] R. Doc. No. 90.
[13] *See* R. Doc. No. 88, at 1.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] R. Doc. No. 91.

3

one another, thereby finding that the ACCA sentencing enhancement applies to defendant.[18] On May 19, 2025, defendant moved to dismiss the ACCA sentencing enhancement in the superseding indictment.[19] In that motion, defendant argued that his three prior Louisiana cocaine convictions should not "count" as predicate ACCA serious drug offenses because "[a]t the time of those convictions[,] Louisiana's definition of cocaine was broader than the present CSA definition of cocaine."[20]

This Court denied defendant's motion to dismiss on June 2, 2025.[21] In addition to denying defendant's motion because it was untimely, the Court further rejected defendant's argument on the merits because "[t]he relevant time period for ACCA . . . is whether the state definition of the drug matched the federal definition at the time that the offense was committed."[22] Because defendant had "not argued that his state drug convictions involved drugs that were not on the federal schedules at the time of those offenses" the Court found that defendant's "argument fail[ed] on the merits."[23] The Court also acknowledged that the Fifth Circuit had noted in *United States v. Minor*, 121 F.4th 1085, 1092–93 (5th Cir. 2024), that "key differences between ACCA and the Guidelines required courts to apply different relevant time periods for each: at the time of sentencing for purposes of the Guidelines and at the time of the offense for purposes of ACCA."[24]

---

[18] *Id.*
[19] R. Doc. No. 96.
[20] R. Doc. No. 96-1, at 3.
[21] R. Doc. No. 102.
[22] *See id.* at 6.
[23] *See id.* at 7.
[24] *See id.* at 6 (quoting *Minor*, 121 F.4th at 1092–93).

4

Defendant raises this same argument in his motion for downward departure and/or variance.[25] He also argues that a downward departure and/or variance that would sentence him without the career offender enhancement is warranted because he is not a "recidivist[] who ha[s] demonstrated that [he] will make no effort to live a law-abiding life and who ha[s] no intention of making an honest living," which is what "[c]areer offender provisions are directed at."[26] Defendant also notes that the jury acquitted him of Count 2, which charged him with use of a firearm in connection with drug trafficking.[27] Defendant submits that any sentence that does not include a downward departure or variance is "greater than necessary to comply with 18 U.S.C. § 3553,"[28] and that such a sentence would "amount[] to an essential life sentence for possessing a firearm and separately possessing drugs" and is therefore "highly inappropriate."[29]

Similarly, defendant argues that the proposed guideline range of 262–327 months is "too harsh" considering the fact that his "career offender status" would be "based upon relatively minor drug offenses."[30] He notes that the "average sentence

---

[25] *See* R. Doc. No 114-1, at 3-6.
[26] *Id.* at 7.
[27] *See id.*
[28] *Id.* (internal quotations omitted).
[29] *See id.*
[30] *Id.* at 9.

for career offenders was 154 months."[31] Defendant contends that a range of 70–87 months is more appropriate and "would better serve the interests of justice."[32]

Separately and additionally, defendant objects to the following conclusions and related enhancements: the 2-point enhancement based on the conclusion that "he was 'found in possession of five firearms;'"[33] the 2-point enhancement based on the conclusion that "he 'possessed a Ta[u]rus Millenium . . .' which was reported stolen;" and the 4-point enhancement for possessing a firearm in connection with another felony offense. Defendant argues that *Alleyne v. United States*, 570 U.S. 99 (2013), "requires that any fact that enhances a penalty must be submitted to the jury and proved beyond a reasonable doubt," and that the conclusions upon which these enhancements were based were not.[34]

Finally, defendant argues that his history and characteristics justify downward variance, including his age, "difficult early life," demonstrated willingness to be gainfully employed, and close personal relationships with people who "believe that he is a good person who should not be defined by his prior felonies in a vacuum."[35] He asserts that his prior convictions will be accounted for by the guidelines, and that

---

[31] *See id.* (citing Quick Facts on Career Offenders https://www.ussc.gov/sites/default/files/pdf/research-andpublications/quick-facts/Career_Offenders_FY23.pdf.).
[32] *Id.*
[33] *Id.* at 8.
[34] *See id.* at 8-9.
[35] *See id.* at 10.

"it is worth nothing that these convictions are old and from a time when [he] was a different man than he is now."[36]

In response, the government argues that defendant's argument that his prior convictions cannot serve as ACCA predicates were addressed and rejected as being without merit by this Court in its order and reasons denying his motion to dismiss.[37] Relatedly, as it pertains to defendant's objections to other enhancements, the government argues that defendant already raised these arguments to the draft PSR but that U.S. Probation "maintained the enhancements in the final PSR."[38]

The government further argues that sentencing defendant without the enhancement would not "capture the totality of the defendant's criminal history conduct."[39] It points out that defendant's seven other convictions "were not assessed any criminal history points due to the time elapsed since such convictions," but that "[t]wo of the seven convictions not assessed . . . form the basis for the ACCA enhancement."[40] According to the government, defendant's prior convictions "are illustrative of the defendant's recidivist history" and demonstrate that "defendant is a habitual offender."[41]

Moreover, the government opposes defendant's argument that his age makes recidivism no longer a concern or that his drug dealing and gun possession do not

---

[36] *Id.* at 13.
[37] *See* R. Doc. No. 121, at 1.
[38] *Id.*
[39] *Id.* at 2.
[40] *Id.*
[41] *Id.*

7

pose a danger to the community.[42] It is the government's position that the guideline range, including the career offender enhancement, is presumptively reasonable and, it requests that the Court impose a guideline sentence, subject to the statutory maximums with respect to each count.[43]

## II. LAW & ANALYSIS

### a. *Application of the armed career criminal enhancement*

The U.S. Probation Officer ("USPO") applied a Chapter 4 guideline enhancement pursuant to § 4B1.4(a),[44] which states: "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." *See* U.S.S.G. § 4B1.4(a). Title 18, United States Code, section 924(e) provides, in relevant part, that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

§ 924(e)(1). The term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled

---

[42] *Id.*
[43] *Id.* at 3.
[44] *See* R. Doc. No. 116, at 9.

Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."

The USPO based defendant's § 4B1.4 adjustment on three of defendant's prior convictions: attempted possession with intent to distribute cocaine on October 26, 2010 (dkt. # 501529);[45] possession with intent to distribute cocaine on July 29, 1998 (dkt. # 401464);[46] and possession with intent to distribute cocaine on October 30, 1996 (dkt. # 387118).[47] The USPO then calculated defendant's offense level as 34 based on § 4B1.4(b)(3)(A), having found that "defendant used or possessed the firearm or ammunition in connection with a controlled substance offense (possession with intent to distribute cocaine and fentanyl), as defined in § 4B1.2(b)."[48] *See* § 4B1.4(b) ("The offense level for an armed career criminal is the greatest of . . .").

Defendant argues that this enhancement should not be applied because his three state drug offenses should not constitute predicate ACCA offenses.[49] Although he acknowledges that the jury found that he was convicted of three prior serious drug offenses on different occasions, he states that *Brown v. United States* holds that "a state drug offense counts as an ACCA predicate only if the State's definition of the drug in question 'matche[s]' the definition under federal law."[50] Defendant then invokes the Fifth Circuit's opinion in *Minor* to state that the "proper comparison" is

---

[45] *Id.* at 12.
[46] *Id.*
[47] *Id.*
[48] *Id.* at 30.
[49] See R. Doc. No. 114-1, at 3.
[50] *Id.* (*quoting Brown*, 602 U.S. at 106).

9

whether the federal "definition of 'controlled substance' in place at the time of sentencing for the instant offense" matches the state's definition of the drug at the time of his prior convictions.[51] According to defendant, if the state's definition at the time of the prior convictions is "categorically broader" than the "current version of the federal CSA," then those offenses should not serve as the basis for the sentence enhancement.[52] Defendant argues that because "at the time" of his three prior cocaine convictions "Louisiana's definition of cocaine was broader than the present CSA definition of cocaine," USPO improperly assessed the armed career criminal sentence enhancement.[53]

Defendant's analysis of the Sentencing Guidelines and reliance on *Minor* is mistaken. *Minor* addressed a similar question of how to determine whether the career offender enhancement applies when federal amendments to the Controlled Substances Act ("CSA") narrow the definition of controlled substances, leaving a mismatch between federal and state definitions of that controlled substance at the time of sentencing. *See generally United States v. Minor*, 121 F.4th 1085 (5th Cir. 2024).

Based on Guideline interpretation principles and the "reference canon" interpretive tool, the *Minor* court held that the defendant's state predicate convictions must be compared against the CSA's definition of controlled substance in effect at the time of sentencing for the instant offense. *Minor*, 121 F.4th at 1089 ("The Sentencing

---

[51] *See id.* at 4–5.
[52] *Id.* at 5.
[53] *Id.*

10

Reform Act states that, when imposing a sentence, courts should consider the Guidelines and any pertinent policy statements that are 'in effect on the date the defendant is sentenced.'" (quoting 18 U.S.C. §§ 3553(a)(4)(A)(ii) and (a)(5)(B)); *see also id.* at 1090 ("The reference canon also supports our conclusion. 'According to the "reference" canon, when a statute refers to a general subject, the statute adopts the law on that subject as it exists whenever a question under the statute arises.' . . . Here, the Guidelines' general reference to 'controlled substance' weighs in favor of applying the definition of that term 'as it exists whenever a question under the statute arises'—i.e., sentencing for the instant offense." (quoting *Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 209 (2019))). Therefore, the Fifth Circuit held that where the defendant's state convictions "criminalize a broader swath of conduct than" the CSA's definition of the same "in effect at the time of his sentencing for the instant offense," *see id.* at 1090, the career offender enhancement is improper, *see id.* at 1093. *See also id.* ("[W]e conclude that the CSA's definition of 'controlled substance' in place at the time of sentencing for the instant offense is the proper comparison for determining whether Minor's predicate convictions constitute 'controlled substance offenses' under the career-offender enhancement.").

But, importantly, *Minor* analyzed whether a defendant's prior state offenses could constitute the "at least two felony convictions . . . of a controlled substance offense" that render that defendant a "career offender" pursuant to § 4B1.1(a)(3), not § 4B1.4. The former, unlike the latter, specifically turns on how the Guidelines define "a controlled substance offense." *Compare* U.S.S.G. § 4B1.1 ("A defendant is a career

11

offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."), *with* U.S.S.G. § 4B1.4(a) ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.").

Section 4B1.4 does not include reference to "a controlled substance offense;" rather, applicability of the enhancement depends solely on whether the defendant is an armed career criminal, as defined by whether that defendant is subject to 18 U.S.C. § 924(e). *Brown v. United States* controls that question. 602 U.S. 101, 106 (2024)).

In *Brown*, the Supreme Court held that "a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules *at the time of that offense.*" *See Minor*, 121 F.4th at 1092 (emphasis in original) (quoting *Brown*, 602 U.S. at 123). The *Brown* court specifically dealt with the question of how to determine whether a defendant is subject to § 924 (e) where his predicate state offenses were a categorical match at the time of the predicate offenses, but, by the time of sentencing, the federal and state definitions did not match. *See Brown*, 602 U.S. at 106–07. Analyzing ACCA's precedent, statutory context, and statutory purpose, the Supreme Court found that "a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense." *See id.* at 123; *see also id.* at 108 (adopting the government's interpretation that "a prior state drug conviction qualifies if the federal and state definitions of the relevant drug matched when the

12

defendant committed the state crime"); *see also Minor,* 121 F.4th at 1092 (recognizing *Brown*'s holding).

Although the Fifth Circuit recognized in *Minor* that "ACCA and the Guidelines differ in key ways" when distinguishing its holding from *Brown*, that does not lead to the conclusion that whether a defendant is subject to an enhanced sentence under § 924 (e) changes when determining whether defendant is subject to the armed career criminal enhancement under § 4B1.4.[54] Put differently, the Fifth Circuit's interpretation of a "controlled substance offense" to determine whether § 4B1.1 applies does not impact whether a defendant is subject to § 924 (e), which determines whether § 4B1.4 applies. *Cf. Alexander v. United States*, No. 17-437, 2023 WL 5919305, at *4 n. 5 (N.D. Tex. May 22, 2023), *report and recommendation adopted*, No. 17-0437, 2023 WL 5298689 (N.D. Tex. Aug. 17, 2023), *appeal dismissed*, No. 23-10980, 2023 WL 10448808 (5th Cir. Nov. 1, 2023) (finding that because the defendant was enhanced under § 4B1.4 and not § 4B1.1 certain holdings pertaining to § 4B1.1 were inapplicable).

This Court has already rejected defendant's contention that his prior state drug convictions do not constitute predicate ACCA offenses.[55] Further, defendant does not argue that the definition of cocaine did not match the CSA's definition of the

---

[54] The Court's position is also based on the Fifth Circuit's understanding of the reference canon in *Minor*; § 4B1.4 references § 924(e) specifically. *See Minor*, 121 F.4th at 1092 ("*Brown* explained that 'a reference "to another statute by specific title or section number"—such as ACCA's reference to 21 U.S.C. § 802—"in effect cuts and pastes the referenced statute as it existed when the referring statute was enacted, without any subsequent amendments."' (emphasis in original)).
[55] *See* R. Doc. No. 102.

13

same at the time of his prior offenses, and the only case defendant points to in support of his argument that the enhancement should not apply, *United States v. Steele,* serves only to show that Louisiana's definition of cocaine matched the federal definition prior to 2015, which supports, rather than undermines, application of the enhancement. *See* No. 22-195, 2024 WL 1877072, at *1 (E.D. La. Apr. 23, 2024) (Morgan, J.).[56] For these reasons, the Court denies defendant's motion for downward variance based on this objection.

### b. *Defendant's Remaining Enhancement Objections*

As previously stated, defendant objects to the following conclusions and related enhancements: the 2-point enhancement based on the conclusion that "he was 'found in possession of five firearms' as beyond the specific findings of the Jury on the Jury Verdict Form;"[57] the 2-point enhancement based on the conclusion that "he 'possessed a Ta[u]rus Millenium . . .' which was reported stolen as beyond the specific findings of the Jury on the Jury Verdict Form;"[58] and the 4-point enhancement for possessing a firearm in connection with another felony offense.[59] Defendant argues that because he was acquitted as to Count 2, and the enhancement was therefore unwarranted.[60]

---

[56] The other cases relied on by defendant, *United States v. Williams*, 48 F.4th 1125 (10th Cir. 2022), and *United States v. Perez*, 46 F.4th 691, 700 (8th Cir. 2022), are not binding on this Court and are otherwise not persuasive because they predate *Brown*. In fact, the Eighth Circuit has since recognized that its decision in *Perez* was abrogated by *Brown*. *See United States v. Gordon*, 111 F.4th 899, 901 n. 4 (8th Cir. 2024).

[57] R. Doc. No. 116, at 9.
[58] *Id.*
[59] *Id.*
[60] *Id.*

With respect to all three objections, defendant argues that these findings violate *Alleyne,* 570 U.S. 99 (2013), which defendant claims "requires that any fact that enhances a penalty must be submitted to the jury and proved beyond a reasonable doubt."[61]

The Supreme Court held in *Alleyne* that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 103. The Fifth Circuit has rejected defendant's interpretation of *Alleyne* that would extend its holding to require that sentencing guideline enhancements be submitted to the jury for determination. *See United States v. Hinojosa,* 749 F.3d 407, 411–12 (5th Cir. 2014). "[T]he *Alleyne* opinion did not imply that the traditional fact-finding on relevant conduct, to the extent it increases the discretionary sentencing range for a district judge under the Guidelines, must now be made by jurors." *Id.* (citing *United States v. Booker*, 543 U.S. 220, 257 (2005) (rejecting a requirement that a jury find facts as to all relevant drug quantities for sentencing purposes under the Guidelines)). Based on this binding precedent, the Court finds that defendant's objections on this ground are without merit, and it denies the motion for downward variance based on this ground.

With respect to his third objection only, defendant further suggests that because he was acquitted of Count 2, there is not sufficient evidence to apply an

---

[61] R. Doc. No. 114-1, at 8.

enhancement under § 2K2.1(b)(6)(B).[62] He also suggests that U.S.S.G. § 1B1.3 "makes clear that relevant conduct does not include conduct for which the defendant was acquitted."[63] Finally, defendant contends that the Fifth Circuit has noted that the "guideline commentary only establishes a presumption of facilitation of drug trafficking offenses when *firearms* are in close proximity to drugs," but that the enhancement "does not apply to *ammunition*."[64]

Section 2K2.1(b)(7)(B)[65] states, in relevant part: "If the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." Application note 13(B) explains that this guideline enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." The Fifth Circuit has interpreted this language to mean that the enhancement "automatically applies" to drug trafficking offenses in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia, because there is a presumption that "'the presence of the firearm has the potential of facilitating' these types of offenses." *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009) (quoting U.S.S.G. § 2K2.1 cmt. n. 14(B)(ii)) (noting that the

---

[62] *See id.* at 8–9 (citing *United States v. Henry*, 119 F.4th 429 (5th Cir. 2024) (reversing enhancement due to the "lack of evidence to suggest a relationship between the gun and the stolen car aside from proximity.")).
[63] *See id.*
[64] *See id.* at 9 (emphasis in original) (citing *United States v. Cisneros*, 130 F.4th 472 (5th Cir. 2025)).
[65] The Court notes that § 2K2.1(b)(6)(B) was renumbered to § 2K2.1(b)(7)(B) in the 2025 Sentencing Guidelines.

application note provides definition to the phrase "in connection with" for drug *trafficking* offenses); *see also United States v. Henry*, 119 F.4th 429, 435 (5th Cir. 2024) (recognizing that *Jeffries* noted that the enhancement automatically applies in the case of a drug trafficking offense but not drug possession).

Additionally, application note 13(D) states that, in determining whether §2K2.1(b)(7)(B) applies, "the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles" of U.S.S.G. § 1B1.3. Pursuant to § 1B1.3, relevant conduct includes "any other information specified in the applicable guideline." *See* U.S.S.G. § 1B1.3(a)(4). But "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." *See* § 1B1.3(c).

The USPO assessed defendant four additional points pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because a "firearm was possessed in connection with another felony offense."[66] Specifically, the USPO found that "defendant was in possession of a firearm while in possession with intent to distribute quantities of cocaine hydrochloride, cocaine base, and fentanyl."[67]

Defendant was convicted of Count 1, which charged him with possession with intent to distribute cocaine and fentanyl, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[68] Count 1 is a drug trafficking offense. *See United States v. Alcantar*,

---

[66] R. Doc. No. 116, at 9.
[67] *Id.*
[68] *See* R. Doc. No. 90, at 1.

17

733 F.3d 143, 147 (5th Cir. 2013) ("[B]ecause the other felony—possession of cocaine with intent to deliver—is a drug trafficking offense [for purposes of § 2K2.1(b)(6)(B)], application note 14(B)(ii) applies.").

Although defendant was acquitted of Count 2, which charged him with possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1),[69] the enhancement is based on Count 1, which is relevant conduct because it is a factor specified in § 2K2.1(b)(7)(B). *See* U.S.S.G. § 1B1.3(a)(4); *see also* § 2K2.1 app. n. 13(D) ("The use of the shotgun 'in connection with' the robbery is relevant conduct because it is a factor specified in subsections (b)(7)(B) and (c)(1).").

Of course, the Court must still find by a preponderance of the evidence that the firearms were found in close proximity to the drugs, drug-manufacturing materials, or drug paraphernalia for the enhancement to apply. *See Henry*, 119 F.4th at 433 ("The proponent of an adjustment to the defendant's base offense level bears the burden of establishing the factual predicate 'by a preponderance of the relevant and sufficiently reliable evidence.'"). The PSR states that the five firearms "were located inside the [Tulip Street] residence."[70] As was established at trial and reiterated during the sentencing hearing, the firearms were found in the same room as the satchel from which the defendant was distributing drugs. *See United States v. Alcantar*, 733 F.3d 143, 147 (5th Cir. 2013) ("[T]he district court could assess the enhancement after finding that the firearm was discovered in close proximity to [the

---

[69] *See id.*
[70] *Id.* at 30; *see also id.* at 9 (". . . a firearm was possessed in connection with another felony offense . . .").

18

defendant's] drug-manufacturing.") (upholding district court's factual finding that firearm was located in "close proximity" to drug paraphernalia and drug-manufacturing materials when located in the same room); *United States v. Shanklin*, 924 F.3d 905, 921 (6th Cir. 2019) (finding sufficiently "close proximity" when firearm and drugs and drug paraphernalia were located in the same residence).

The only additional consideration with respect to the fact that defendant was acquitted of Count 2 is application note 10 to § 1B1.3(c), which states that: "[t]here may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct."

The government argues that "[t]hough the defendant was acquitted of Count Two, the same conduct – possession of cocaine and fentanyl with the intent to distribute and possession of the firearms – underlie all three charges in the Superseding Indictment. This includes the instant offense of conviction in Count Three."[71] Elsewhere in his motion, defendant articulates his belief that "the evidence presented at trial did not reflect a strong connection between himself and the Tulip Street address where the narcotics and weapons were found."[72] But Count 3, of which defendant was found guilty, charged defendant with possession of those five firearms.[73] Considering only that conduct that establishes, in whole or in part, the

---

[71] *Id.*
[72] R. Doc. No. 114-1, at 7.
[73] *See* R. Doc. No. 64, at 3; *see also* R. Doc. No. 90, at 2.

19

offenses with which defendant was convicted, the Court finds by preponderance of the evidence that § 2K2.1(b)(7)(B) applies.

Lastly, the Fifth Circuit's distinction between firearms and ammunition in *Cisneros* is irrelevant here, because the enhancement is based on the presence of firearms, not ammunition, in close proximity to the drug trafficking.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion[74] for downward departure and/or variance is **DENIED**.

New Orleans, Louisiana, November 5, 2025.

_____<br>
**LANCE M. AFRICK**<br>
**UNITED STATES DISTRICT JUDGE**

---

[74] R. Doc. No. 114.